**Dismissed and Memorandum Opinion filed September 15, 2016.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-16-00616-CR

**AUNDRA B. JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1352009**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to murder. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant to confinement for 20 years in the Institutional Division of the Texas Department of Criminal Justice. The sentence was entered on April 6, 2015. Appellant's notice of appeal was not filed until July 15, 2016. We dismiss the appeal.

A defendant's notice of appeal must be filed within 30 days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Moreover, the trial court entered a certification of the defendant's right to appeal in which the court certified that this is a plea bargain case, and the defendant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b)